**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOANETTE REEVES,** | No. 25-cv-17071-WJM-JSA |
| **Plaintiff,** | **OPINION & ORDER** |
| v. | |
| **PRESSLER, FELT & WARSHAW, LLP, et al,** | |
| **Defendants.** | |

<u>**WILLIAM J. MARTINI, U.S.D.J.:**</u>

Plaintiff brings this case against Defendant Pressler, Felt & Warshaw, LLP ("PFW") and ten John Doe defendants for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA"), as well as common law fraud and fraudulent inducement. ECF No. 1 ("Complaint"), ¶¶ 7-8, 38-56. PFW filed this Motion to Dismiss, which includes a request for Rule 11 sanctions. ECF No. 4 ("Motion"). Plaintiff did not submit a response brief before the return date, instead requesting a stay. ECF No. 7. The Court decides the Motion without oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, the stay request is **DENIED**, the Motion is **GRANTED**, the Complaint is **DISMISSED WITHOUT PREJUDICE**, and the sanctions request is **DENIED**.

## I.    BACKGROUND

According to the Complaint, Plaintiff owed a debt, which was ultimately assigned to PFW to collect following a series of intermediate transactions. Compl. ¶¶ 17, 19-21. Plaintiff claims that one of these intermediate transactions was void for violating the New Jersey Consumer Finance Licensing Act, making the debt itself void. *Id.* ¶¶ 18, 25. Nonetheless, PFW commenced a lawsuit in New Jersey state court (the "Collection Lawsuit") to collect the debt. *Id.* ¶¶ 24-25. Plaintiff claims that the Collection Lawsuit is void ab initio, so any attempts to collect on the debt are prohibited by state law. *Id.* ¶¶ 25-26, 31. Plaintiff asserts that "the Collection Lawsuit deprived Plaintiff of truthful, non-misleading, information in connection with Defendant's attempt to collect a debt." *Id.* ¶ 32. Additionally, Plaintiff claims that the "unlawful collection of the void Debts" caused her "emotional damages like stress, anxiety, embarrassment, and financial loss including having to pay for court fees." *Id.* ¶ 37.

Plaintiff filed this lawsuit on October 30, 2025. On January 9, 2026, PFW moved to dismiss and for Rule 11 sanctions. Although Plaintiff received an extension pursuant to Local Rule 7.1, Plaintiff failed to file an opposition brief. Instead, Plaintiff filed a "Suggestion of Bankruptcy," referring to a bankruptcy petition filed on September 30,

1

2025—before this litigation commenced. ECF No. 6; *see also* No. 25-bk-20207-CMG (ECF No. 1). In parallel with this action, Plaintiff filed another nearly identical complaint against PFW involving a different debt. No. 25-cv-15278-CCC-AME (ECF No. 1) ("Genesis Action"). In both cases, Plaintiff filed a "Suggestion of Bankruptcy" and a request for a stay after PFW filed a motion to dismiss. ECF No. 6; Genesis Action, ECF Nos. 6, 7. Judge Espinosa denied Plaintiff's stay request in the Genesis Action, ECF No. 10. For the same reasons, Plaintiff's request for a stay of this action is **DENIED**.

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(1), the Court may dismiss a complaint for lack of subject matter jurisdiction. Where, as here, a defendant challenges the allegations of a complaint on their face, Mot. 4, the Court "appl[ies] the same standard as on a review of a motion to dismiss under Rule 12(b)(6). *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017). The Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Conclusory allegations "are not entitled to the assumption of truth." *Dervitz v. ARS Nat'l Servs. Inc.*, No. 22-3090, 2024 WL 1173739, at *4 (3d Cir. Mar. 19, 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Defendant's sole basis for dismissal is that the Complaint fails to plead a concrete injury-in-fact, as required to establish Article III standing. Mot. 4; *see Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 144 (3d Cir. 2023) (recognizing that standing requires "(1) an injury-in-fact; (2) that is fairly traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable judicial decision") (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 590 (1992)). An injury-in-fact must "be concrete—that is, real, and not abstract." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021) (citation modified).

Recently, the Third Circuit explained that an informational injury can constitute an exception to the concreteness requirement, where the "entitlement to the information allegedly withheld is the *sine qua non* of the informational injury doctrine." *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 145 (3d Cir. 2023). To survive a motion to dismiss based on an informational injury, "a plaintiff need only allege that she [1] was denied information to which she was legally entitled, and [2] that the denial caused [3] some adverse consequences related to the purpose of the statute." *Kelly v. RealPage Inc.*, 47 F.4th 202, 212 (3d Cir. 2022); *George v. Rushmore Serv. Ctr, LLC*, 114 F.4th 226, 235 (3d Cir. 2024). Under this framework, "unclear disclosures do not equate to outright omissions." *Huber*, 84 F.4th at 146.

As to the legally entitled information element, the Complaint fails to specify what legally required information was allegedly withheld from Plaintiff, generally referring to the Collection Action as if the existence of a litigation necessarily implies an informational deprivation. *See* Compl. ¶ 32. Plaintiff never states that she "sought disclosure of information to which [she was] legally entitled, and that [Defendants] failed to disclose

2

that information." *Kelly v. RealPage Inc.*, 47 F.4th 202, 214 (3d Cir. 2022) (citation modified).

As to the adverse consequences element, Plaintiff states, in conclusory fashion, that she suffered "stress, anxiety, embarrassment, and financial loss including having to pay for court fees" because the Collection Lawsuit was filed against her. Compl. ¶ 37. Even assuming that this threadbare statement meets the FDCPA's causation element, "[n]othing in the complaint indicates that [the plaintiff] could not pay her debt as a result of the letter, that the omission caused downstream financial consequences, or that [the plaintiff] suffered distress." *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 236 (3d Cir. 2024). Indeed, the Third Circuit in a similar case has concluded that "the filing of this lawsuit cannot constitute an adverse effect." *Id.* at 236 n.12.

Even viewing Plaintiff's alleged emotional injuries in isolation, Plaintiff still fails to allege an injury-in-fact. *See* Compl. ¶ 37. All claims of an injury lack any supporting factual allegations. *See In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d at 633 (recognizing that courts may disregard legal conclusions and that conclusory statements do not suffice to support threadbare allegations of standing); *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 520 (3d Cir. 2001) (looking past "bare allegations of mental/emotional distress, mental anguish, stress and inconvenience" to conclude that the plaintiff failed to allege facts supporting an injury (citation modified)). As pleaded, Plaintiff's allegation that she suffered "stress, anxiety, embarrassment, and financial loss" relates only to Defendants' debt-collection efforts, *not* from the disclosure of private information or from allegedly false statements that can be analogized to a traditional common law injury. *See Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136, 145 (3d Cir.), *cert. denied,* 145 S. Ct. 169 (2024) (recognizing that after *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), failure to show a close relationship with a traditional common law harm cannot establish an injury-in-fact). Moreover, while Plaintiff may have needed "to pay for court fees," she "cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). Accordingly, even when viewed outside the context of the FDCPA or an informational injury, Plaintiff fails to plead an injury-in-fact.

## III.    CONCLUSION

Because Plaintiff has failed to allege a concrete injury-in-fact, the Complaint is **DISMISSED WITHOUT PREJUDICE.** *See Barclift*, 93 F.4th at 148 (modifying a dismissal with prejudice based on lack of a concrete injury to dismissal without prejudice "[b]ecause the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits"). The Court also **DENIES** Defendants' request for monetary sanctions at this time. *See, e.g., Richelson v. Yost*, 738 F. Supp. 2d 589, 602 (E.D. Pa. 2010) (granting a motion to dismiss without prejudice and denying a motion for sanctions). However, the Court reminds counsel of the obligations of Rule 11 and the New Jersey Rules of Professional Conduct, including the need to avoid frivolous and duplicative litigation.

3

## IV.   ORDER

For the foregoing reasons and for good cause shown;

**IT IS** on this ~~28~~ day of February, 2026, hereby,

**ORDERED** that Plaintiff's request for a stay, ECF No. 7, is **DENIED**; and it is further

**ORDERED** that Defendants' Motion to Dismiss, ECF No. 4, is **GRANTED**; and it is further

**ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendants' Motion for Sanctions is **DENIED**; and it is further

**ORDERED** that Plaintiff may file an amended complaint consistent with this Opinion and in strict accordance with Federal Rule of Civil Procedure 11 and Local Civil Rule 15.1 no later than **March 12, 2026**.

WILLIAM J. MARTINI, U.S.D.J.

4