## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **JOANETTE REEVES,** | No. 25-cv-17071-WJM-JSA |
| Plaintiff, | **OPINION** |
| v. | |
| **PRESSLER, FELT & WARSHAW, LLP, et al,** | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendant Pressler, Felt & Warshaw, LLP's ("PFW") motion to dismiss the Amended Complaint, ECF No. 14, pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 17 ("MTD"). Separately, Defendant moves for Rule 11 sanctions. ECF No. 18 ("Sanctions Motion"). Plaintiff also requests a stay pending the outcome of a New Jersey Supreme Court case involving different parties, ECF No. 19 ("Stay Request"), which the Court deferred, ECF No. 20. All motions are fully briefed, and the Court declines to hold oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). As explained below, the Court **ADMINISTRATIVELY TERMINATES** the MTD, **DENIES** the Sanctions Motion, **DENIES** Plaintiff's Stay Request, and **STAYS** this case pending the outcome of the parties' state court proceedings.

## I.    BACKGROUND

The Court assumes familiarity with this case based on its prior opinion, ECF No. 13, 2026 WL 594355 (D.N.J. Mar. 3, 2026) ("First Opinion"). In short, PFW, a debt collector, initiated a lawsuit in New Jersey state court on behalf of Midland Credit Management, Inc. against Plaintiff, alleging that she owed $3,375.80 in credit card debt, plus costs. Am. Compl. ¶¶ 7, 57, 68-69; *id.* Ex. G (the "Collection Lawsuit").[1] Plaintiff alleges that the debt was void ab initio, yet Defendants attempted to enforce the debt nonetheless. *Id.* ¶¶ 39, 55, 68-69. To defend against the Collection Lawsuit, Plaintiff had to pay an unspecified amount of attorney's fees, $175 in court costs, and other expenses and resources in the Collection Lawsuit, as well as in a separate bankruptcy proceeding. *Id.*

---

[1] The Collection Lawsuit is incorporated by reference in the Amended Complaint, and its existence is otherwise integral to this case. Am. Compl. ¶¶ 68, 77-79, 84, 90; *id.* Ex. H; *see Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (stating that in addition to the complaint, the court can consider "documents referenced therein").

1

¶¶ 77-79, 84, 88, 90; *Id.* Ex. H (showing that Plaintiff paid $175 in court costs). Plaintiff also asserts in conclusory fashion that she suffered "severe stress, anxiety, shame, humiliation, and embarrassment" and "damage to her creditworthiness." *Id.* ¶¶ 85-86, 92. Plaintiff raises Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), fraud, and fraudulent inducement claims, and she also states that she may attempt to amend the complaint to add class allegations. Am. Compl. ¶¶ 95-122.

The Court previously dismissed without prejudice Plaintiff's claims for lack of Article III standing, granting her leave to amend. First Opinion 4. In the First Opinion, the Court held that Plaintiff failed to allege a concrete injury in fact premised on an informational injury. *Id.* 2. The Court also held that Plaintiff's conclusions that she suffered emotional injuries lacked supporting factual allegations, and the Court rejected Plaintiff's argument for standing based on the expenditure of court fees. *Id.* 3 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998)).

## II.    DISCUSSION

At the moment, the Court cannot determine whether Plaintiff has standing because her asserted injury appears to turn on the outcome of the Collection Lawsuit. A stay pending judgment in the Collection Lawsuit is therefore appropriate. Lastly, the Court denies the Sanctions Motion because Plaintiff raises non-frivolous arguments for Article III standing.

### A.    Standing

Under Federal Rule of Civil Procedure 12(b)(1), the Court may dismiss a complaint for lack of subject matter jurisdiction. Where, as here, a defendant challenges the allegations of a complaint on their face, MTD 6, the Court "appl[ies] the same standard as on a review of a motion to dismiss under Rule 12(b)(6). *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017). The Court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Aichele*, 757 F.3d at 358. The Court only accepts as true "allegations for which there is sufficient 'factual matter' to render them 'plausible on their face,'" not "[c]onclusory assertions of fact and legal conclusions." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

Before reaching the merits, "the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). Article III requires the plaintiff to establish (1) a concrete and particularized, actual or imminent injury in fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). To be concrete, an injury must be "real, and not abstract," with a "close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)). Standing is assessed as of when Plaintiff filed suit. *Lewis v. Gov't. Emps. Ins. Co.*, 98 F.4th 452, 461 (3d Cir. 2024).

Plaintiff argues that she was injured by having to defend against the Collection Lawsuit, incurring both monetary loss and emotional damages. ECF No. 21 ("Opposition"), at 7. At the outset, the Court gives no weight to Plaintiff's conclusory statements that she suffered emotional damages absent supporting factual allegations, which are, once again, not present in the Amended Complaint. Am. Compl. ¶¶ 86, 92; First Op. 3; *see Renfro v. Unisys Corp.*, 671 F.3d 314, 327-28 (3d Cir. 2011) (affirming dismissal of a complaint that provided "nothing more than conclusory assertions"). The remaining "intangible harms," Opp'n 15, all ultimately involve an injury downstream from having to defend against the Collection Lawsuit.

Certainly, suffering "financial consequences" because of Defendants' wrongful conduct is a sufficient basis for Article III standing. *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 149 (3d Cir. 2023). Indeed, courts in this circuit have held that even a nominal amount of postage fees is sufficient to establish an injury in fact. *See, e.g., Church v. J Ritter L. P.C.*, No. 23-cv-01709, 2023 WL 4353544, at *3 (D.N.J. July 5, 2023) (collecting cases). Likewise, in several other circuits, the proposition that expending money to hire lawyers and defend against an allegedly wrongful underlying action provides a concrete basis for Article III standing. *See Hurst v. Caliber Home Loans, Inc.*, 44 F.4th 418, 423 (6th Cir. 2022) (concluding that the plaintiff had standing because she previously paid attorney's fees to defend against a state foreclosure action); *Bouye v. Bruce*, 61 F.4th 485, 490 (6th Cir. 2023) (concluding that spending fees to defend against an illegitimate state lawsuit was a concrete injury); *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 693 (8th Cir. 2017) (concluding, before *TransUnion*, that spending time and money to hire a lawyer, serve discovery requests, and appear at trial to defend against a meritless suit was a concrete injury); *see also Viernes v. DNF Assocs., LLC*, 582 F. Supp. 3d 738 (D. Haw. 2022) ("Being subjected to an unlawful lawsuit is a concrete harm.").

All that said, several courts have held that paying attorney's fees and costs in a separate state proceeding may not constitute a concrete injury in fact. *See Gottlieb v. JH Portfolio Debt Equities, LLC*, No. 22-cv-01020, 2022 WL 17730891, at *3-4 (D.N.J. Sept. 22, 2022), *report and recommendation adopted sub nom. Gottlieb v. JH Met Subsidiary B Liquidating Tr.*, No. 22-cv-01020, 2022 WL 22210129 (D.N.J. Oct. 7, 2022) (explaining the split in authority without taking a position). For example, in an FDCPA case, Judge Easterbrook explained that "[a] desire to obtain legal advice is not a reason for universal standing" where the plaintiff hired counsel to advise on an alleged debt. *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020). In another FDCPA case arising out of a state-court debt-collection lawsuit, Judge Easterbrook reasoned that there was no concrete injury based on intangible injuries and the need to litigate the underlying action. *See Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1072 (7th Cir. 2020) (rejecting the position that "the very fact that a suit had been filed would show the existence of standing"). Similarly, this Court has rejected the view that "any plaintiff that visits their attorneys' office to discuss a matter would have standing." *Kamal v. J. Crew Group, Inc.*, 416 F. Supp. 3d 357, 363 (D.N.J. 2019) (Martini, J.) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013), which held that a party "cannot

3

manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending").

At bottom, Plaintiff's assertion that the Collection Lawsuit illegitimately forced her to spend money hiring counsel is conjecture until we know the outcome of the Collection Lawsuit and can determine if her expenditure of resources was self-inflicted or justified. *See Knudsen v. MetLife Grp., Inc.*, 117 F.4th 570, 580 (3d Cir. 2024) (recognizing that "allegations that stand on nothing more than supposition cannot establish financial harm" (citation modified)); *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 297-98 (3d Cir. 2003) (holding that there was no standing where "one cannot describe how the [plaintiffs] will be injured without beginning the explanation with the word 'if'"); *cf. Campeau v. Soc. Sec. Admin.*, 575 F. App'x. 35, 38 (3d Cir. 2014) (per curiam) (holding that a "purely voluntary decision" to incur costs as part of a dispute did not provide a basis for standing). Moreover, if Plaintiff succeeds on her counterclaim and receives an award of fees and costs in the Collection Action, she may lack a concrete injury in fact here. *See Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 538 (3d Cir. 1994) (holding that the plaintiff lacked standing where she was reimbursed for the alleged injuries and therefore "never [] had anything to gain from this lawsuit"); Am. Compl. Ex. H (noting that Plaintiff paid a filing fee of $175 for a document type "A07," which corresponds with an "answer with a counterclaim and jury demand," Admin. Off. of the Cts., State of N.J., *Automated Case Management System Public Access Inquiry Guide* App'x B (2009), https://www.njcourts.gov/sites/default/files/attorneys/ecourts/acms-july-2009.pdf (https://perma.cc/8TQM-W9MY)); *see also In re Deepwater Horizon*, 732 F.3d 326, 340 (5th Cir. 2013) ("Absent a loss, a claimant has suffered no injury.")); *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 331 (7th Cir. 2019) ("[N]o harm, no foul") (Barrett, J.).

Given these uncertainties, there is a question of whether Plaintiff's claims are ripe for adjudication, which the Court discusses next.

### B.    Ripeness

The ripeness inquiry arises "if it rests upon contingent future events that may not occur as anticipated or indeed may not occur at all." *Wyatt v. Gov't of Virgin Islands*, 385 F.3d 801, 806 (3d Cir. 2004) (citation modified). The Court considers two factors: (1) "the fitness of the issues for judicial decision" and (2) "the hardship to the parties of withholding court consideration." *Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 411 (3d Cir. 1992) (quoting *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148 (1967). These inquiries overlap with the analysis of whether to stay the case. *See Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983).

#### 1.    Fitness

As to the fitness prong, the Court examines the question presented. *United States v. Loy*, 237 F.3d 251, 258 (3d Cir. 2001). Purely legal questions are more fitting of resolution, while questions contingent on factual issues are not. *Contrast id.* (holding that a question of statutory interpretation was purely legal and ripe for determination), *with Texas v. United*

4

*States*, 523 U.S. 296, 300-01 (1998) (holding that a dispute over a statute was not fit for adjudication because its application was uncertain, and in context, "involve[d] too remote and abstract an inquiry for the proper exercise of the judicial function"). The question here—whether Plaintiff has alleged a concrete injury based on having to defend against an allegedly baseless lawsuit predicated on a void debt—may depend on the outcome of the Collection Lawsuit. Therefore, postponing adjudication would avoid subjecting the parties to additional litigation expenses when the Court's subject matter jurisdiction may be lacking, where a judgment in the Collection Lawsuit may provide an answer.

2.    Hardship

As to the hardship prong, the Court finds that withholding court consideration would not result in a hardship to any party. After all, Plaintiff herself requested a stay, belying any suggestion she would be prejudiced. Moreover, Plaintiff only requests monetary relief, including pre-judgment interest, so any delay will not cost her anything. Am. Compl. ¶¶ 104, 117, 112; *see Walsh Secs., Inc. v. Cristo Prop. Mgt., Ltd.*, 7 F. Supp. 2d 523, 528 (D.N.J. 1998) (reasoning that the plaintiff would not be prejudiced from a stay because pre-judgment interest would offset any additional monetary harm); *Nussbaum v. Diversified Consultants, Inc.*, No. 15-cv-00600, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) ("Mere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage." (citation modified)). For the same reason, Defendants will not suffer any hardship from delay and may benefit if the Collection Lawsuit resolves in their favor. *See Janssen Pharmaceutica N.V. v. Apotex, Inc.*, No. 06-cv-01020, 2007 WL 9797489, at *1 (D.N.J. Feb. 21, 2007) (recognizing that the defendant would not suffer hardship from a stay where it was more efficient for the court to first determine the existence of subject matter jurisdiction).

3.    Remedy

With the Collection Lawsuit pending, the Court cannot determine whether Plaintiff has alleged a concrete injury in fact, and both ripeness prongs point toward a stay pending adjudication of the Collection Lawsuit. Instead of dismissal, the Court may issue a stay as an exercise of its docket-management authority. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (recognizing that the power to stay a case "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort"). The Court may issue a stay *sua sponte. See Cornerstone Bldg. Brands, Inc. v. Teamsters Loc. 97 of N.J.*, No. 25-cv-13821, 2025 WL 3687894, at *5 n.6 (D.N.J. Dec. 19, 2025) (Martini, J.) (collecting cases). Because a stay would not result in prejudice or hardship to any party and may facilitate disposition of this case, the Court **STAYS** this action pending the outcome of the Collection Lawsuit. The Court **DENIES** Plaintiff's Stay Request because it concerns a separate litigation involving merits arguments not germane to Plaintiff's Article III standing.

5

### C.    The Sanctions Motion

Because Plaintiff raises new, non-frivolous arguments for Article III standing, the Motion for Sanctions is **DENIED**. *See Mellon Bank Corp. v. First Union Real Est. Equity & Mortg. Invs.*, 951 F.2d 1399, 1413 (3d Cir. 1991) (affirming denial of sanctions where the non-moving party offered "plausible arguments" and noting that "[m]erely because those arguments failed to win the day does not warrant Rule 11 sanctions"); *Ario v. Underwriting Members of Syndicate 53*, 618 F.3d 277, 297 (3d Cir. 2010), *as amended* (Dec. 7, 2010) ("Sanctions are to be applied only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." (citation modified)).

## III.    CONCLUSION

The Court **STAYS** this case pending the outcome of the Collection Lawsuit. The MTD is **ADMINISTRATIVELY TERMINATED**, the Sanctions Motion is **DENIED**, and Plaintiff's Stay Request is **DENIED**. Within fourteen (14) days of the issuance of judgment in the Collection Lawsuit, Defendants shall notify the Court of their intent to renew the MTD and shall attach the underlying judgment, along with any accompanying opinion from the state court. An appropriate order follows.

DATE: June __3__, 2026

WILLIAM J. MARTINI, U.S.D.J.

6